947 F.2d 944
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wanda M. BINGHAM, Plaintiff-Appellant,
v.
INLAND DIVISION OF GENERAL MOTORS, Defendant-Appellee.
 No. 91-3067.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and DUGGAN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Wanda Mae Bingham appeals the district court's judgment dismissing the named defendant "Inland Division of General Motors" in this personal injury diversity action. Plaintiff argues on appeal that the district court erred in quashing service of process and in denying a motion to amend the complaint to name "General Motors Corporation" as the proper defendant in this case.
 
 
 2
 Wanda Mae Bingham brought this tort action for injuries sustained at her place of employment, the Inland Division of General Motors ("Inland"), on July 1, 1986. On June 30, 1988, one day prior to the running of the two-year statute of limitations on her claim, plaintiff filed her complaint, naming the defendant in the caption as "The Inland Division of General Motors, Agent C.T. Corp. System," and describing the purported defendant in the body of the complaint as "a corporation organized under the laws of the State of Delaware, with a place of business located at 2701 Home Avenue, City of Dayton, County of Montgomery, and State of Ohio, doing business in the manufacture of parts for General Motors automobiles." General Motors Corporation's agent for service of process in Ohio, C.T. Corporation System, was served on July 8, 1988, seven days after the expiration of the statute of limitations.
 
 
 3
 Through special appearance, General Motors Corporation moved to quash service of process and return of service, and to dismiss "the Inland Division of General Motors" for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2), (4), and (5). Because Inland is a wholly-owned operating division of General Motors Corporation, has no independent legal status, and is not capable of being sued, the district court quashed service of process and return of service.
 
 
 4
 Plaintiff then moved for leave to amend the complaint to name the "General Motors Corporation" as defendant. General Motors Corporation, once again through special appearance, opposed the motion, arguing that the amendment would be futile because GM did not have notice of the action within the prescribed limitations period and, therefore, the proposed amended complaint would not "relate back" to the date of the original filing under Fed.R.Civ.P. 15(c) and would be barred by Ohio law. The district court denied the motion for leave to amend, relying upon the Supreme Court's interpretation of Rule 15(c) in Schiavone v. Fortune, 477 U.S. 21 (1986).
 
 
 5
 For the reasons set forth in the well-written opinions prepared by the Honorable Walter H. Rice quashing service of process and denying plaintiff's motion for leave to amend her complaint, we AFFIRM.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation